## CROWLEY, Admr. v FISH, Admr.

Ohio Appeals, 8th Dist, Cuyahoga Co
No. 11465

HORNBECK, PJ, and KUNKLE, J, (2nd Dist), and SHERICK, J (5th Dist), sitting.

E. G. Stapleton, Esq., Cleveland, for Crowley, Admr.

Rocker & Schwartz, Cleveland, for, Fish.

### HORNBECK, PJ.

It became necessary for the administrator to sell the real estate to pay the debts of decedent, and to determine to whom the portion of the purchase price yet in his possession shall be paid, this action was instituted. Of course the sole test under the constitution and §10857 GC which determines if this cause is appealable, is whether or not it is a chancery case. We are of the opinion that recent decisions of the Supreme Court require our conclusion that this proceeding is not in chancery.

In **Clark v Clark 110 Oh St 644,** and especially at p. 652 and 653 the court says:

"So far as a will of real property bequeaths purely legal estates and the devisees therein obtain purely titles to the land given, the enforcement thereof belongs to the courts of law by means of the action of ejectment; the courts of law have full power to construe and interpret the instrument and to determine the rights of the devisees; there is no necessity and therefore no power of resorting to a court of equity in order to obtain a construction of such wills."

The court discusses **Gerhart v Richardson, 109 Oh St 418** and directs attention to the fact that in that case it only held that an action to construe a will creating a charitable trust is equitable in character.

It is asserted by counsel for appellants that the administrator is acting in a trust capacity and in seeking construction of the will requires the direction of the court in the administration of his trust.

It may be granted that the administrator bears the status of a trustee but it does not follow that when he seeks relief which is purely statutory or legal, that he is not bound in seeking review to conform to the requirements incident to legal actions.

**Swing & Mellon, Exrs. v Townsend et al, 24 Oh St 1,** cited by counsel for appellants. arose in 1873 at a time when appeal was controlled by statute and not by the constitution, as now.

**Bank & Trust Co. v Clark, 7 Oh Ap 6,** sustains the claim of appellants that an action brought under §10857 GC to obtain a construction of a will without further limitation is appealable.

**Beck v Alliance First Nat'l Bank, 7 O. Abst. 723,** a decision of the Court of Appeals of the 5th District in which Judge Sherick of this court concurred, involved a trust and the rights of a trustee named in the will.

But for the opinion of the Supreme Court in Gerhardt v Richardson, and Clark v Clark, supra, the law would seem to have been settled by the case of Bank & Trust Co. v Clark supra.

The quoted portion of the Clark case, **110 Oh St** and which is disturbing concerning the appealability of the instant case, is obiter, but it is definite and we are bound to notice it and to observe its effect.

It was only necessary in the Richardson case to determine whether or not a proceeding to construe a will which involved a charitable trust was appealable but the court in the Clark case **110 Oh St** in directing attention to the narrow limits of this decision, raises a query concerning the appealability of a will involving any other form of trust. We are, therefore, in considerable doubt concerning the attitude of the Supreme Court on the question here presented.

Bank & Trust Co. v Clark, supra, in no way involved any trust created by a will and is practically parallel to the facts in this case. The decision there announced and appearing in the syllabus was necessary to a determination of the case and therefore the law of the case.

Inasmuch as the Clark case is decisive and neither the Richardson nor the Clark cases in the Supreme Court expressly decide our question we are willing to certify this case as being in conflict with a decision of another Court of Appeals in **Bank & Trust Co. v Clark, 7 Oh Ap 6.**

The motion to dismiss the appeal will therefore be sustained.

KUNKLE and SHERICK, JJ, concur.